IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID EARL HUNTER, #18013656,<br>       Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 3:18-CV-883-G-BK |
| | § | |
| MAGISTRATE JUDGE HAL TURLEY,<br>       Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. On April 10, 2018, Plaintiff filed a *pro se* civil rights complaint on the Court-approved form. Doc. 3. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily **DISMISSED** without prejudice for want of jurisdiction.

**I.     BACKGROUND**

This civil action arises out of Plaintiff's pending state prosecution for delivery of a controlled substance and unlawful possession of a firearm by a felon. *See State v. Hunter*, Nos. F18-52792, F18-52793, and F18-52805 (291st Jud. Dist. Court, Dallas Cty., Texas); Doc. 3 at 6-7. In that case, Plaintiff is represented by appointed counsel and is a pretrial detainee in the Dallas County Jail.[1] As best the Court can glean from the complaint, Plaintiff alleges that Magistrate Judge Hal Turley arraigned him based on the wrong evidence in March 2018. Doc. 3 at 3-4. Plaintiff requests that all criminal charges against him be dismissed. Doc. 3 at 4.

---

[1] The criminal docket sheets are available on the Dallas County website at http://courtecom.dallascounty.org/publicaccess/ (last accessed June 21, 2018)

## II. ANALYSIS

The *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971). For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met in this case where Plaintiff attempts to attack, and possibly seeks a stay of, pending state-court criminal proceedings. What Plaintiff requests this Court do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam)  *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). As noted, the state criminal case is still pending, and it is apropos that the state has an vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Plaintiff can raise his claim in the state trial court where, importantly, he is represented by counsel. Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

2

In sum, because Plaintiff cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over this case.[2] *See Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (dismissing injunctive relief claims by pretrial detainee relating to his pending criminal prosecution under the *Younger* abstention doctrine).

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly establish a lack of federal question jurisdiction relating to the pending criminal proceedings. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine.

**SO RECOMMENDED** June 21, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Insofar as Plaintiff challenges his present confinement, his claims are not cognizable under section 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE